McDonald v State of New York (2026 NY Slip Op 01660)

McDonald v State of New York

2026 NY Slip Op 01660

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND DELCONTE, JJ.

114 CA 25-00742

[*1]SHERRY MCDONALD, CLAIMANT-APPELLANT,
vTHE STATE OF NEW YORK, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) (CLAIM NO. 136311.) 

MICHAEL JOS. WITMER, ROCHESTER, FOR CLAIMANT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (RACHEL RAIMONDI OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from a judgment of the Court of Claims (J. Scott Odorisi, J.), entered July 3, 2024, in a claim for unjust conviction and imprisonment. The judgment dismissed the claim. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Claimant commenced this action pursuant to Court of Claims Act § 8-b seeking damages based on allegations that she was wrongfully convicted in 2016 of murder in the second degree (Penal Law §§ 20.00, 125.25 [1]) and imprisoned by defendant, the State of New York. Claimant was convicted as an accomplice to her boyfriend following their joint jury trial, where the People argued that the boyfriend shot and killed the victim in a parking lot of a bar and that claimant drove her boyfriend to the scene, picked him up after the murder, and then drove him to his residence. In 2019, we reversed the judgment of conviction on sufficiency and weight grounds (People v McDonald, 172 AD3d 1900, 1901-1904 [4th Dept 2019]), given the lack of evidence that claimant shared her boyfriend's intent to kill. After a bench trial on claimant's section 8-b claim, the Court of Claims dismissed the claim, reasoning that claimant failed to prove by clear and convincing evidence that she did not commit any of the acts charged (see Court of Claims Act § 8-b [5] [c]), or, in the alternative, that she failed to prove by clear and convincing evidence that her own conduct did not cause or bring about her conviction (see § 8-b [5] [d]). Claimant appeals in appeal No. 1 from the judgment dismissing her claim; in appeal No. 2, she appeals from a corrected judgment of the same court.
As a preliminary matter, inasmuch as the corrected judgment in appeal No. 2 made no substantive change to the judgment in appeal No. 1, we dismiss the appeal from the corrected judgment in appeal No. 2 (see Schachtler Stone Prods., LLC v Town of Marshall, 209 AD3d 1316, 1318 [4th Dept 2022]). We affirm the judgment in appeal No. 1.
A determination of the Court of Claims will not be set aside unless the court's conclusions could not have been reached upon any fair interpretation of the evidence (see Gristwood v State of New York, 119 AD3d 1414, 1416 [4th Dept 2014]). Contrary to claimant's contention, a fair interpretation of the evidence supports the court's conclusion that claimant failed to prove by clear and convincing evidence that she did not commit any of the acts charged (see Court of Claims Act § 8-b [5] [c]). We further conclude that claimant's contention that the court erred with respect to her motion in limine to preclude admission of the transcript of the prosecution's closing statement in evidence is without merit. At the bench trial, the transcript was never entered in evidence, and, therefore, the prosecution's summation was outside the record and there is no indication it was considered by the court in dismissing the petition (see Matter of Grybosky v Riordan, 87 AD3d 1339, 1341-1342 [4th Dept 2011]).
In light of the foregoing, we need not address claimant's contentions concerning the court's conclusion that she failed to prove that her own conduct did not cause or bring about her conviction (see Court of Claims Act § 8-b [5] [d]).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court